IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ENOUCH J. KERMUE,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-3745
CRIM. NO. 2:15-CR-127
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 452.) This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### I.    BACKGROUND

Petitioner challenges his June 6, 2016 conviction pursuant to his guilty plea on conspiracy to commit wire fraud affecting a financial institution, a violation of 18 U.S.C. § 1349. The Court imposed a term of 46 months' imprisonment to be followed by three years of supervised release. (*Judgment*, ECF No. 309.) Petitioner did not file a timely appeal. On December 22, 2016, he filed a motion for extension of time to file an appeal, stating that he had received misleading advice from his attorney about the appellate process. (ECF No. 396.) On February 2, 2017, the Court denied the motion for extension of time to file an appeal, noting that Petitioner had been advised at sentencing that he had 14 days to file an appeal. (ECF No. 402.) On February 14, 2017, the United States Court of Appeals dismissed Petitioner's appeal upon his request. (ECF No. 403.) Petitioner subsequently filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana, Case Number 1:20-cv-852-DDD-JPM, challenging a final removal order from the United States. According to the petition he filed in that action, he has been in the custody of immigration authorities since October 31, 2019. On July 17, 2020, the Magistrate Judge recommended dismissal of that action for lack of jurisdiction.

On July 21, 2020, Petitioner executed this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 452, PAGEID # 2356.) He now asserts that his guilty plea was not knowing, intelligent and voluntary and that he was denied the effective assistance of counsel in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010), because no one advised him of the deportation consequences of his guilty plea.[1] However, the one-year statute of limitations provided for under 28 U.S.C. § 2255(f) bars consideration of this claim.

## II. STATUTE OF LIMITATIONS

A one-year statute of limitations applies to the filing of federal habeas corpus petitions. 28 U.S.C. § 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Petitioner stated, at the time he entered his guilty plea and at sentencing, that he was a citizen of the United States. (*Transcript*, ECF No. 398, PAGEID # 2074; *Transcript*, ECF No. 400, PAGEID # 2099.)

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A federal district court may *sua sponte* consider the timeliness of a § 2255 motion, so long as the Court provides fair notice to the parties and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292, 293-94 (6th Cir. 2015) (citing *Day v. McDonough*, 547 U.S. 198 (2006)).

### III. APPLICATION

As applied here, Petitioner's conviction became final under the provision of § 2255(f)(1) on June 20, 2016, when the time period expired to file an appeal. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004); Fed. R. App. P. 4(b)(1)(A)(i). Even assuming, however, to the Petitioner's benefit, that the statute of limitations did not begin to run until February 16, 2017, the day after the Sixth Circuit granted Petitioner's request for voluntary dismissal of his appeal, the one-year statute of limitations expired on February 16, 2018. Petitioner waited more than two years and five months, until July 21, 2020, to execute this federal habeas corpus petition. Further, the record does not reflect grounds for equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (a petitioner is entitled to equitable tolling if he has diligently pursued his rights and some extraordinary circumstance stood in his way and prevented his timely filing) (citation omitted).

This action must therefore be dismissed as untimely.

### IV. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 be **DISMISSED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE